UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-CV-23834

**FLAVA WORKS, INC.,**

    Plaintiff,

vs.

**ROJE ON HOLIDAY INC.**, et al.,

    Defendants.

_____/

### PLAINTIFF'S MOTION TO DEEM SERVICE UPON DEFENDANTS SUCCESSFUL, OR IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE JOINT SCHEDULING REPORT TO ALLOW SERVICE BY PUBLICATION UPON DEFENDANTS

COMES NOW, FLAVAWORKS, INC. (the "Plaintiff"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. Rule (4)(e)(1) and (4)(m), hereby files this motion for extension of time to file Joint Scheduling Report to allow alternative service against Defendants, ROJE ON HOLIDAY, INC., ANTHONY COLLINS, ROY COLLINS, LADON DODDS, JR., and M. KNIGHT (the "Defendants"), and in support states the following:

    1.    On or about October 24, 2010, the Plaintiff filed its action for damages and equitable relief against the Defendants.

    2.    On October 25, 2010, the Clerk issued summons on all Defendants to affect service of process.

    3.    On or about November 10, 2010, this Court issued an Order Requiring a Joint Scheduling Report [D.E.9].

    4.    In the Joint Scheduling Report ("JSR"), this Court required that if the Plaintiff had not properly effectuated service at least forty (40) days after the date of said Order, that Plaintiff

must file its motion for an extension of time to effectuate service and state the date service will be completed and when the JSR will be filed.

5. On or about January 19, 2011, Plaintiff filed a *Motion for Extension of Time to File Joint Scheduling Report until Proper Service Has Been Effectuated*. This Court granted said motion and Plaintiff was given until April 15, 2011 to effectuate service of process up the Defendants.

6. Plaintiff had diligently attempted to properly effectuate service within the time frame provided by the Court; however, Plaintiff was unable to locate the Defendants for service.

7. As such, Plaintiff filed another motion requesting additional time to properly serve the Defendant. [D.E. 15].

8. On or about April 15, 2011, this Court granted said motion providing Plaintiff with additional time until July 15, 2011, to effectuate service on the Defendants.

9. Through substantial effort, the Plaintiff has tracked the Defendants to multiple property addresses as well as various marketing or promotional events, which are either sponsored or attended by the Defendants.

10. Plaintiff has attempted to effect service upon the Defendants throughout a number of States, including, New York, Georgia, California and Florida.

11. However, the Defendants are actively eluding service of process by claiming not to be the parties to be served, or even refusing to accept service once the process server has identified him/herself. A copy of the attempted service is attached hereto as **Composite Exhibit "A."**

12. The Defendant, Roy Collins is Chairman and Chief Executive Officer of the Corporate Defendant. Additionally, a check of the property records in Florida indicates that Mr.

Collins owns residential property in Florida. A copy is attached hereto as **Composite Exhibit "B."**

13. The Defendant, Roje On Holiday, Inc. is a New York corporation conducting business in Florida. Said Corporate Defendant is currently listed as a dissolved corporation. A copy is attached hereto as **Exhibit "C."**

14. Upon information and belief, the individual Defendants agents and/or employees of the Corporate Defendant transacting business on behalf of the Defendant in Florida.

15. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service of an individual . . . may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located . . .

16. Rule 1.070(d) of the Florida Rules of Civil Procedure provides that process may be made as provided by statute.

17. Chapter 49.011(11), Florida Statute, provides that service of process by publication may be made in any court on any party identified . . . in any action or proceeding in which personal service . . . is not required by the Statues or Constitution of this State. . . .

18. Chapter 49.021(2), Florida Statute, provides that where personal service cannot be had . . . service of process by publication may be had upon any party natural or corporate, know or unknown . . . whether dissolved or existing. . . .

19. Efforts to locate the Defendants have been successful. However, the Defendants have been deliberate and successful in their attempts to avoid service.

20. For the reasons stated above, Plaintiff request that this Court deem service of process of the Defendants successful, or in the alternative, to allow service by publication.

21. Plaintiff anticipates that such service could be accomplished within forty-five (45) days of the Court's order granting this Motion.

WHEREFORE, respectfully requests that the Court deem service upon the Defendants successful or in the alternative, grant this motion to extend the time to file Joint Scheduling Report until August 15, 2011, by which FLAVAWORKS may serve process by publication upon all Defendants.

DATED June 29, 2011.

Respectfully submitted,

_____
STACY-ANN FRATER, ESQ. 41021
frater.stacyann@gmail.com
P.O. Box 611214
Miami, Florida 33261
2610 North Miami Avenue
Miami, Florida 33127
Tel.: 800-357-0576
Fax: 305-597-0676

## CERTIFICATE OF SERVICE

**I CERTIFY** that on the 29th day of June 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____