UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23834-CIV-SEITZ/SIMONTON

FLAVA WORKS, INC.,

    Plaintiff,

v.

ROJE ON HOLIDAY, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE BY PUBLICATION

This matter is before the Court upon Defendants' Motion to Quash Service by Publication (DE # 34). The Honorable Patricia A. Seitz, United States District Judge, has referred Defendants' Motion to the undersigned Magistrate Judge (DE # 36). Plaintiff has filed a Response and Affidavit of Diligent Search and Inquiry in Support of Service by Publication (DE ## 37, 38, 39). Defendants have not filed a reply, and the time for doing so has passed. For the reasons stated below, Defendants' Motion is granted.

On October 24, 2010, Plaintiff filed a three-count Complaint for Equitable Relief and Damages against Defendants, alleging tortious interference with a contractual right (Count I), false designation of origin (Count II), and violation of federal Racketeer Influenced and Corrupt Organizations Act violations (Count III), relating to allegedly breached exclusive modeling contracts that Plaintiff had executed with adult entertainment models (DE # 1). The docket reflects Plaintiff's continuing challenges to locate and properly serve process on Defendants (DE ## 12, 15, 25, 32, 34). Ultimately, on July 6, 2011, Plaintiff filed a motion seeking service of Defendants by publication pursuant to Florida Statutes Section 49.021 (DE # 32). The Court denied the motion, noting that service by publication under this Section does not require court order (DE # 33).

Thereafter, Defendants filed this Motion to Quash Service with respect to the June 29, 2011, proposed Notice of Publication for Service of Process (DE # 32).  Defendants argue that Plaintiff has failed to comply with Florida Statutes Section 49.041, which requires that a plaintiff seeking service by publication provide a sworn statement attesting to particular information regarding the diligent search efforts performed in trying to serve a natural person defendant (DE # 34 at 2).  Defendants note that no such sworn affidavit has been provided, and the only other provided information, contained in Plaintiff's earlier Motion for Service of Process Upon Defendants by Publication or attached thereto, is limited to unsworn facts recounting Plaintiff's alleged efforts and Defendants' alleged evasive tactics.  Specifically, under the requirements of Section 49.041 described below, Plaintiff (a) failed to detail facts regarding specific residences of Defendants or state that a given Defendant's residence is unknown, (b) failed to allege the state or country where a Defendant is located, and (c) failed to state whether a Defendant has been absent from the state for more than 60 days or is seeking to conceal himself (DE # 34 at 2-4).

Plaintiff's Response does not address any of these alleged failures.  Instead, Plaintiff simply states that (a) a proper sworn affidavit will be filed and, therefore, (b) a subsequent service by publication, which Plaintiff intended to effect after filing the affidavit, will meet the requirements of the Florida Statutes (DE # 38 at 2).  In support thereof, Plaintiff filed an Affidavit of Diligent Search and Inquiry (DE ## 37, 39).  Defendants have not filed a reply to Plaintiff's Response.

Thereafter, consistent with this apparent acknowledgment that the June 29, 2011, proposed Notice of Publication was deficient, Plaintiff filed an Unopposed Motion for Extension of Time to File Joint Scheduling Report Until Proper Service of Process by Publication Has Been Resolved/Effectuated (DE # 40).  In that Motion, Plaintiff states that it "reasonably believes that the issue of service will be resolved/effectuated within the

next 60 days against all Defendants" (DE # 40 at ¶ 7). That Motion was granted, with the proviso that the Court was not making any determination regarding whether service by publication is appropriate in this case (DE # 41).

Pursuant to the Federal Rules of Civil Procedure, individuals and corporations may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1). Florida law provides for service by publication in actions for, *inter alia*, enforcement of a claim under a written contract. Fla. Stat. § 49.011(5) (2011). Service by publication is appropriate where personal service "cannot be had." Fla. Stat. § 49.021 (2011). Florida courts describe the due diligence required of plaintiffs in effecting personal service before resorting to service by publication.[1] Florida Statutes Section 49.041 requires that a plaintiff seeking service by publication, or a plaintiff's attorney, provide a sworn statement attesting to certain information obtained or unknown after diligent search or inquiry regarding a natural person defendant. Specifically, the sworn statement must include the following information:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
>
> (3) In addition to the above, that the residence of such person is, either:
>
>> (a) Unknown to the affiant; or
>>
>> (b) In some state or country other than this state, stating said residence if known; or

---

[1] Defendants, however, do not take issue with Plaintiff's due diligence *per se*; instead, Defendants challenge Plaintiff's failure to provide a proper sworn statement regarding its diligent efforts, as required by Florida Statutes Section 49.041.

> **(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served , and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.**

Fla. Stat. § 49.041 (2011).  The sworn statement is a condition precedent to publication. Fla. Stat. § 49.031 (2011).  A sworn statement must comply with this statute or publication will fail to confer jurisdiction.  *Gans v. Heathgate-Sunflower Homeowners Ass'n, Inc.*, 593 So. 2d 549, 552-53 (4th Fla. Dist. Ct. App. 1992) (citation omitted).

Defendants argue that the documents Plaintiff provided with its Motion for Service of Process Upon Defendants By Publication (DE # 32) were inadequate because they did not address several of the requirements of Section 49.041 (DE # 34 at 2-4).  Plaintiff's Response implicitly acknowledges its failure to comply with Section 49.041 by failing to address any of Defendants' allegations.  The Response, instead, declares that Plaintiff's counsel would file an Affidavit of Diligent Search and Inquiry in Support of Service by Publication (which counsel did, see DE # 39), followed by a new service by publication, which, accordingly, would satisfy Section 49.041 (DE # 38 at 2).

Therefore, given Plaintiff's acknowledgment that it failed to file an appropriate sworn statement with regard to its earlier effort to effect service by publication, Defendants' Motion to Quash the earlier service by publication shall be granted.[2]  The undersigned notes, however, that Defendants have made no Reply to Plaintiff's Response, which declares the propriety of its renewed service by publication, and Defendants have filed no motion to quash Plaintiff's renewed service by publication. Therefore, for the reasons stated above, it is hereby

---

[2] The undersigned notes that neither party expressly addressed the deficiencies with respect to the corporate Defendant; however, given Plaintiff's decision to effect service of process by publication anew, the undersigned likewise has not separately addressed the corporate Defendant.

**ORDERED AND ADJUDGED** that Defendants' Motion to Quash Service by Publication (DE # 34) is **GRANTED** with respect to the proposed Notice of Service by Publication filed on June 29, 2011.[3]

**DONE AND ORDERED** at Miami, Florida, on September 19, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Patricia A. Seitz,
    U.S. District Judge
All counsel of record

---

[3] If it is determined that this matter should have been treated as a dispositive motion pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned intends this Order to be treated as a Report and Recommendation, as to which the parties may file objections within fourteen days.