UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FLAVA WORKS, INC.

    Plaintiff,

CASE NO.: 10-CV-23834-SEITZ/O'SULLIVAN

v.

ROJE ON HOLIDAY INC., d/b/a Chocolate Entertainment, d/b/a ChocolateDrop.com, d/b/a DawgPoundUsa.com, d/b/a DawgPoundUsa Media, d/b/a Thugzilla.com AND ANTHONY COLLINS, ROY COLLINS, LADON DODDS JR., AND M. KNIGHT,

    Defendants.

_____/

### **DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AND INCORPORAED MEMORANDUM OF LAW**

    COME NOW Defendants, Anthony Collins ("A. Collins"), LaDon Dodds, Jr. ("L. Dodds"), Roy Collins ("R. Collins"), and Roje on Holiday, Inc. ("Roje"), (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby file this Motion to Dismiss for Failure to State Claims upon which Relief can be Granted, and request that the Court dismiss Plaintiff's Complaint (DE1) in its entirety as to the individual defendants, and dismiss Counts III and IV as to Roje, and as grounds therefore, state as follows:

    1.    On October 24, 2010, Plaintiff, Flava Works, Inc., ("Plaintiff" or "Flava Works"), filed a four-count Complaint against Defendants including an alleged cause of action for:

        i. Tortious Interference with a Contractual Right;

        ii. False Designation of Origin;

        iii. Violation of the Civil Rico Statute; and

        iv. Unfair Competition.

2. Plaintiff's Complaint fails to state plausible claims for relief against Defendants, A. Collins, L. Dodds, and R. Collins for all counts contained in the instant lawsuit.

3. Plaintiff's Complaint fails to state plausible claims for relief against Defendant, Roje on Holiday, Inc. for counts Counts III and IV.

WHEREFORE Defendants, A. Collins, L. Dodds, and R. Collins respectfully request that this honorable Court enter an Order DISMISSING Counts I – IV of Plaintiff's Complaint against them for failure to state claims upon which relief can be granted. Additionally, Defendant, Roje on Holiday, Inc., respectfully requests that this honorable Court enter an Order DISMISSING Counts III and IV of Plaintiff's Complaint against it for failure to state claims upon which relief can be granted.

## MEMORANDUM OF LAW

**I.  LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. <u>Gjondrekaj v. Napolitano</u>, 2011 U.S. Dist. LEXIS 90233 at *11 (M.D. Fla. August 2, 2011). Thus, a Motion to Dismiss under Rule 12(b)6), tests the legal sufficiency of a complaint. <u>Id</u>. When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the pleader. <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1269 (11th Cir. 2009). Taking the factual

allegations as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As the United States Supreme Court has noted, "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). The "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. Accordingly, to survive a motion to dismiss, the pleader must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Importantly, dismissal is warranted if there is a dispositive legal issue which precludes relief even assuming the truth of the factual allegations contained in the complaint. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## II. ARGUMENT

### A. Plaintiff's Complaint Fails to State a Claim for Relief for Tortious Interference with a Contractual Right as to Defendants, Anthony Collins, LaDon Dodds, and Roy Collins.

Under Florida law, to establish a claim for tortious interference with an advantageous business or contractual relationship, a party must plead and prove: (1) the existence of a business relationship or contract; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with that relationship by the defendant which induces or otherwise causes nonperformance; and, (4) damages resulting

from the tortious interference.  Border Collie Rescue, 418 F.Supp.2d at 1348; Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994); Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985)

Here, Plaintiff's Complaint is completely devoid of any factual allegations whatsoever to state a plausible claim for relief that A. Collins, L. Dodds, or R. Collins interfered with the contracts and business relationships between Plaintiff and the models for which Plaintiff alleges that it had exclusivity agreements.  To the contrary, Plaintiff alleges only that **Roje** engaged in the conduct Plaintiff claims gives rise to a cause of action for tortious interference.  (DE 1 ¶¶ 43-47).

For example, Plaintiff alleges that **Roje** had "actual and/or constructive" knowledge of the "valid and enforceable" contracts between Plaintiff and William Ratliff, Jr., Cornell Davis, Darrius Everson, and Joseph Frederick (collectively "models") (DE 1 ¶¶ 43-44), and that **Roje** "intentionally and unjustifiably induced" the models to breach their contracts with Plaintiff.  (DE 1 ¶¶ 44).  Furthermore, Plaintiff alleges that it suffered damages as the result of **Roje's** actions.  (DE 1 ¶¶ 46-47).  Importantly, nowhere does Plaintiff allege that any of the individual Defendants engaged in any conduct that would give rise to a claim for tortious interference.

Clearly, Plaintiff failed to allege any facts to state a claim to relief that is plausible on its face against the individual defendants, A. Collins, L. Dodds, or R. Collins. Accordingly, Plaintiff has failed to satisfy the requirements that it provide the grounds for its entitlement to relief.  Instead, Plaintiff has set forth only a formulaic recitation of the elements of the cause of action which is insufficient to survive the instant Motion to Dismiss.

Based on the foregoing, Plaintiff's claims for Tortious Interference with a Contractual Right (Count I) should be DISMISSED as to Defendants A. Collins, L. Dodds, and R. Collins because Plaintiff has failed to state a claim upon which relief can be granted.

### B.  Plaintiff's Complaint Fails to State a Claim for Relief for False Designation of Origin against Defendants, A. Collins, L. Dodds, and R. Collins.

Plaintiff's Complaint also fails to state a plausible claim for relief against Defendants, A. Collins, L. Dodds, and R. Collins for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), which states: "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a). The essential element for stating a claim under the Lanham Act is that a defendant's conduct creates "a likelihood of confusion on the part of the consumers as to the source of the goods." Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 831 (11th Cir. 1982).

Here, Plaintiff's Complaint is completely devoid of any factual allegations whatsoever to state a plausible claim for relief against A. Collins, L. Dodds, or R. Collins for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a). Again, Plaintiff alleges only that **Roje** has made and is making false, deceptive and misleading representations and false advertisements by its use of the models for which Plaintiff alleges that it has entered into exclusivity agreements. (DE 1 ¶¶ 49-50). Clearly, Plaintiff has failed to satisfy the requirements that it provide the grounds for its entitlement to relief against A. Collins, L. Dodds, or R. Collins for this claim as such relief requires more than mere labels and conclusions in order to survive the instant Motion to Dismiss.

Based on the foregoing, Plaintiff's claims for False Designation of Origin (Count II) should be DISMISSED as to A. Collins, L. Dodds, and R. Collins because Plaintiff has failed to state a claim upon which relief can be granted.

### C. Plaintiff's Complaint Fails to State a Claim for Relief for Civil RICO against Defendants.

In order to state a claim for relief under a cause of action for Civil RICO, a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006). Consequently a well-pleaded civil RICO claim "must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." Republic of Pan. v. BCCI Holdings (Lux.) S.A., 119 F.3d 935, 949 (11th Cir. 1997). Where mail or wire fraud is alleged to be the predicate RICO activity, the plaintiff must show that "(1) the defendant intentionally participated in a scheme to defraud another of money or property, (2) the defendant used the mails or wires in

furtherance of that scheme, and (3) the plaintiff relied to his detriment on the defendant's misrepresentations." Kemp v. Am. Tel. & Tel. Co., 393 F.3d 1354, 1359 (11th Cir. 2004).

Here, Plaintiff's Complaint is once again completely devoid of any factual allegations whatsoever to state a plausible claim for relief for Civil RICO against Defendants. Again, Plaintiff has failed to satisfy the requirements that it provide the grounds for its entitlement to relief against Defendants and has chosen instead to set forth mere labels and conclusions which cannot survive the instant Motion to Dismiss.

Based on the foregoing, Plaintiff's Civil RICO claim should be DISMISSED against all Defendants because Plaintiff has failed to state a claim upon which relief can be granted.

### D. Plaintiff's Complaint Fails to State a Plausible Claim for Relief for Unfair Competition against Defendants.

In order to establish a claim for unfair competition under Florida common law, a plaintiff must allege: (1) deceptive or fraudulent conduct of a competitor; and, (2) likelihood of consumer confusion. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005)(citing Monsanto Co. v. Campuzano, 206 F. Supp. 2d 1252, 1267 (S.D. Fla. 2002). Here, Plaintiff merely alleges that defendants are utilizing models in breach of the exclusivity provision in contract between the model and Plaintiff. (DE 1 at ¶ 56). Plaintiff does not allege any sort of deceptive or fraudulent conduct by Defendants. Furthermore, Plaintiff makes mere conclusory allegations regarding the likelihood of consumer confusion. (DE 1 at ¶ 57). Assuming *arguendo* that Defendants engaged in the conduct alleged in the Complaint, Plaintiff alleges no facts that would otherwise indicate that there is a likelihood of consumer confusion. Accordingly,

Plaintiff has failed to state a cause of action for unfair competition under Florida common law and Count IV should be DISMISSED as to all Defendants.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint fails to state plausible claims for relief against Defendants, A. Collins, L. Dodds, and R. Collins for all counts contained in the instant lawsuit. Additionally, Plaintiff's Complaint fails to state plausible claims for relief against Defendant, Roje on Holiday, Inc. for counts Counts III and IV. Accordingly, A. Collins, L. Dodds, and R. Collins respectfully request that this honorable Court enter an Order DISMISSING Counts I – IV of Plaintiff's Complaint against them for failure to state claims upon which relief can be granted. Additionally, Defendant, Roje on Holiday, Inc., respectfully requests that this honorable Court enter an Order DISMISSING Counts III and IV of Plaintiff's Complaint against it for failure to state claims upon which relief can be granted.

DATED this 6th day of December 2011.

**ANDERSON | PINKARD**

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873
13577 Feather Sound Drive, Ste. 670
Clearwater, FL 33762-5532
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
danderson@floridalawpartners.com

- 9 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of December, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will provide electronic notice of such filing to all counsel of record including Plaintiff's counsel as described below.

    Mirta Desir, Esq.
    2610 N. Miami Ave.
    Miami, Florida 33127
    mdesir@gmail.com

    and

    Stacy-Ann Floreth Frater, Esq.
    1999 S.W. 27th Avenue, 1st Floor
    Miami, FL 33145
    frater.stacyann@gmail.com

                                                  /s/ Daniel W. Anderson, Esq.
                                                   Daniel W. Anderson, Esq.
                                                   Florida Bar No.: 490873