UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FLAVA WORKS, INC.

        Plaintiff,

                                CASE NO.:  10-CV-23834-SEITZ/O'SULLIVAN

v.

ROJE ON HOLIDAY INC., d/b/a Chocolate
Entertainment, d/b/a ChocolateDrop.com, d/b/a
DawgPoundUsa.com, d/b/a DawgPoundUsa Media,
d/b/a Thugzilla.com AND ANTHONY COLLINS,
ROY COLLINGS, LADON DODDS JR., AND
M. KNIGHT,

        Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF PHILLIP BLEICHER AND INCORPORATED MEMORANDUM OF LAW

       COME NOW Defendants, Anthony Collins ("A. Collins"), LaDon Dodds, Jr. ("L. Dodds"), Roy Collins ("R. Collins"), and Roje on Holiday, Inc. ("Roje"), (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 6, 7, and 12, hereby file this their Motion to Strike Affidavit of Phillip Bleicher (DE 50-2), and request that the Court enter an order striking all or part of the affidavit  to the extent that it contains inadmissible hearsay, and as grounds therefore, state as follows:

       1.      Plaintiff filed its Response in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (DE 50) in which Plaintiff relies heavily on the affidavit of the CEO of Plaintiff, Phillip Bleicher (DE 50-2)(the "Affidavit").

2.      Paragraphs 6 through 18, and 20 through 21, of the Affidavit contain inadmissible hearsay which cannot be relied upon by Plaintiff or utilized by the Court in rendering a decision on Defendants' Motion to Dismiss.

3.      Accordingly, the entire Affidavit or, alternatively, so much of the Affidavit as the Court determines contains hearsay, must be stricken.

WHEREFORE Defendants request that the Court enter an order striking the Affidavit of Phillip Bleicher (DE 50-2) in its entirety, or alternatively, striking so much of the Affidavit as the Court determines contains hearsay.

## MEMORANDUM OF LAW

The Eleventh Circuit has explained that "'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Zaben v. Air Prods. & Chems*., 129 F.3d 1453, 1456 (11th Cir. Fla. 1997).  Hearsay may not be admitted as evidence for any purpose unless it falls under one of the recognized exceptions. Fed. R. Evid. 801 *et seq.;Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253, 1268 (11th Cir. 2010); *Robinson v. LaFarge N. Am., Inc.,* 240 Fed. Appx. 824, 829 (11th Cir. 2007) *Rojas v. Florida*, 285 F.3d 1339, 1343 (11th Cir. 2002); *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *Zaben*, 129 F.3d at 1455-57.

In the present case, Mr. Bleicher states in his affidavit that "Ladon Dodds Jr., is also known as Don E. Dodds Jr., also known as 'Thugzilla,' also known as the 'King of Porn' is the founder, owner and operator of Thugzilla.com." (DE 50-2 at ¶ 6).  It is clear that Mr. Bleicher is testifying about how others know Mr. Dodds, and about facts regarding the formation of Thugzilla.com that are beyond his personal knowledge.

Similarly, in Paragraph 7 of the Affidavit, Bleicher makes statements concerning "several interviews and website profiles" and web site videos, but does not state that Bleicher is the author or these interviews, website profiles, or videos, or that he has any personal knowledge about these publications.  This is classic hearsay.  Paragraph 7 goes on to state that Dodds' "real name" is listed "on his contract."  But Bleicher again is testifying about what a contract says, not about his personal knowledge, which is again inadmissible hearsay.[1]

In Paragraph 8, Bleicher improperly attempts to draw a legal conclusion by stating what 18 U.S.C. 2257 requires, and then testifies as to what a web site contains, all of which is inadmissible hearsay. In essence, Bleicher is attempting to assert the contents of a web site as being true because the contents are contained in the web site.  This is the very definition of inadmissible hearsay.

In Paragraphs 9 thorugh 11, Bleicher testifies about the contents of two websites (rojeinc.com and thugzilla.com) but does not testify that he is the custodian of the web site or has any personal knowledge about them.  Again, Bleicher is attempting to assert that the truth contained in his statements based on the contents of other statements which are not his own.  Likewise, Bleicher stats that the phone number listed is "the exact same corporate number used for "Roje on Holiday, Inc." without stating any personal knowledge about he knows that it is the same corporate number.  Again, this is classic hearsay because Bleicher is asserting that the statements made in these web sites are true.

---

[1] See also Footnotes 1 and 2 where Bleicher testifies about the contents of two other web sites in an attempt to use the contents of those web sites to assert as true the statements made in his affidavit.

Likewise, Bleicher asserts in Paragraph 12 that "Roy Collins maintains an account with the Florida utility company, Florida Power and Light" without any evidence for such a claim or any foundation for his personal knowledge about such a claim.

In Paragraph 13, Bleicher testifies about an e-mail Mr. Collins allegedly sent to Shedon Atkins to support his claim that  "Roy Collins constantly recruits and interferes with Flava Works's Exclusive Model contracts."  Such an assertion is classic "hearsay within hearsay" and must be stricken. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009).

In Paragraph 14, Bleicher testifies that personal service was made on Mr. Collins but does not state that he made such personal service nor does he provide any evidence of such service. Indeed, Bleicher admits that service was allegedly made by Florida Process Service but no affidavit from Florida Process Service is attached by Plaintiff.

In Paragraphs 15 through 18, Bleicher continues to refer to statements other than those made by Bleicher himself which Plaintiff offers in evidence to prove the truth of the matter asserted.  These paragraphs should be stricken for the same reasons as Paragraphs 6 through 14 should be stricken.

In Paragraph 20, Bleicher attempts to claim that Anthony Collins *is* the web site owner (although which web site is unclear) because WhoIs.net allegedly says that he is. Again, this is classic hearsay because Bleicher is referring to a statement not made by him in asserting that it is true that Collins is the owner of the web site.

Similarly, in Paragraph 21, Bleicher relies upon a statement he did not make in asserting that it is true that Anthony Collins "shares the same billing details" for three different web sites.  Bleicher does not state that he has any personal knowledge about the billing details but instead relies wholly on statements made by others.  This again is

inadmissible hearsay that cannot be relied upon by the Court in ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009).

For the foregoing reasons, Defendants request that the Court GRANT Defendants' Motion to Strike, and enter an order striking the Affidavit of Phillip Bleicher (DE 50-2) in its entirety, or alternatively, striking so much of the Affidavit as the Court determines contains hearsay.[2]

.        Respectfully submitted this 24th day of January, 2012.

**ANDERSON | PINKARD**

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873
13577 Feather Sound Drive, Ste. 670
Clearwater, FL 33762-5532
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
danderson@floridalawpartners.com

**CERTIFICATE OF GOOD FAITH CONFERENCE**
**PURSUANT TO LOCAL RULE 7.1**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so. Specifically, counsel for Defendants contacted counsel for Plaintiff on January 19, 2012, and was advised that Plaintiff would oppose this Motion.

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873

---

[2] To the extent that the Court determines that a Motion to Strike is not the appropriate vehicle for discarding the objectionable portions of the Bleicher affidavit pursuant to Fed. R. 12(f), Defendants request that he Court construe their Motion and Memorandum as objections to the affidavit pursuant to Rule 12.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of January, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will provide electronic notice of such filing to all counsel of record including Plaintiff's counsel as described below.

Mirta Desir, Esq.
2610 N. Miami Ave.
Miami, Florida 33127
mdesir@gmail.com

and

Stacy-Ann Floreth Frater, Esq.
1999 S.W. 27th Avenue, 1st Floor
Miami, FL 33145
frater.stacyann@gmail.com

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873