UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 1:10-cv-23834-SEITZ/SIMONTON

**FLAVA WORKS, INC.,**

          Plaintiff,

v.

**ROJE ON HOLIDAY INC.,** *et al.,*

          Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter is before the Court on Defendants Anthony Collins, Ladon Dodds, Jr., Roy Collins, and Roje on Holiday, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [DE-44]. Plaintiff's Complaint alleges that Defendants interfered with Plaintiff's exclusive contracts with several of Plaintiff's models. The Complaint alleges four counts against Defendants: (1) tortious interference with a contractual right; (2) false designation of origin; (3) violation of the RICO statute; and (4) unfair competition. Defendants Anthony Collins, Ladon Dodds, Jr., Roy Collins, and Roje on Holiday, Inc. (jointly, Defendants)[1] move to dismiss because the Court lacks either general or specific personal jurisdiction over them. Because the individual Defendants are not engaged in substantial activity within Florida and Plaintiff has not pled or presented any evidence that the individual Defendants committed a tortious act in Florida, the Motion is granted as to them. However, because Defendant Roje on Holiday, Inc. (Roje) maintains an

---

[1] The remaining Defendant M. Knight has not appeared in this action. It is not clear from the record if he has been served and, if he has, Plaintiff has not sought entry of a Clerk's Default or entry of final default judgment.

business address in Florida and shoots, at least some of, its webcontent in Florida, the Motion to Dismiss is denied as to Roje.

## I. Jurisdictional Allegations and Evidence

The Complaint alleges that Roje is and was a New York corporation, which is doing business in the state of Florida by actively and purposely directing its marketing, distribution, and/or sales of non-obscene adult-themed erotic materials to and within the state of Florida. According to the Complaint, Defendants Anthony Collins and Roy Collins are the owners of Roje. Defendant Dodds is the owner of thugzilla.com and, together with Defendant Knight, Dodds produces content for Roje. At all relevant times Knight was also the 18 U.S.C.§ 2257[2] Records Custodian for Roje. The Complaint also alleges that Plaintiff is a Florida Corporation.

The Complaint alleges that Defendants enticed several of Plaintiff's models to breach their exclusive contracts with Plaintiff and to do work for Defendants. However, the Complaint does not allege where the models' exclusive contracts with Plaintiff were signed,[3] where the enticements took place, where the models performed their work for Defendants, or where the models were to perform their work for Plaintiff. The Complaint also alleges that Defendants were doing business in Florida by actively and purposefully directing their marketing, distribution, and sales to and within the state of Florida and by producing the material for

---

[2]Section 2257 requires an organization that produces any media which contains visual depictions of actual sexually explicit conduct and is produced in whole or in part with materials shipped in interstate commerce, to give the name, title, and business address of the individual employed by the organization to be responsible for maintaining certain records required by the statute.

[3]While the contracts have been filed with the Court and at least one lists a Florida address for one of Plaintiff's models, see DE-3-1, none of the contracts indicate where they were signed or where they were to be performed.

distribution in the state of Florida. However, the Complaint provides no factual details to upport these allegations.

Plaintiff previously sued Roje in Illinois state court. In that action, Roje moved to dismiss and, in support of that motion, Roy Collins submitted an Affidavit (the Roy Collins Illinois Affidavit). In the Affidavit, Roy Collins states that he is the President of Roje and that Roje's photography and video shoots "are conducted primarily in the States of Florida and New York." See DE-4-5. The Roy Collins Illinois Affidavit also states that Roje does business as Chocolate Drop Entertainment, chocolatedrop.com, dawgpoundusa.com, papithugz.com and thugzilla.com. According to Plaintiff, it relied on that Affidavit when it decided to file the instant action in this Court.

Plaintiff has submitted the Affidavit of Phillip Bleicher, its CEO, in support of establishing personal jurisdiction. However, the affidavit does not state that Bleicher has personal knowledge of the facts attested to in the affidavit and it is not apparent from the face of the affidavit how Bleicher would have knowledge of the facts set out in the affidavit. Furthermore, many of the facts are conclusory without any supporting facts, such as the statements that Defendants actively recruit talent and conduct business in Florida. As a result, Defendants have filed a Motion to Strike Affidavit of Phillip Bleicher [DE-63] because many of the assertions in the affidavit do not appear to be based on personal knowledge. While the Court will not grant the Motion to Strike, it will not consider any assertions that do not appear to be based on personal knowledge. Attached to the affidavit is the 18 U.S.C. § 2257 custodian of records listing from the thugzilla.com website, which lists D. Dodds, 5415 NW 15th Ct, Lauderhill, FL 33313 as the custodian of records.

Defendant Anthony Collins has submitted an affidavit [DE-44-1], in which he states that he is not a resident of Floirda, does not own any real property in Florida, or conduct business in Florida. The Anthony Collins Affidavit further states that he operates the chocloatedrop.com and thugzilla.com websites, which do not directly advertise or market to Florida residents. According to Anthony Collins, he does not have any ownership interest in Roje and is not employed by Roje.[4]

Defendant Dodds has submitted an affidavit [DE-44-2], in which he states that he is not a resident of Florida, does not own real property in Florida, and does not engage in business in Florida. Dodds further states that he does not have an ownership interest in Roje, is not employed by Roje, and does not own the website thugzilla.com.

Defendant Roy Collins has submitted an affidavit in this case [DE-44-3] (the Florida Roy Collins Affidavit), in which he states that he is a resident of New York but owns a condominium in Miami Beach, Florida. He further states that he does not engage in business in Florida. Roy Collins attests that he operates the webistes dawgpoundusa.com and papithugz.com but that the webistes do not direct any advertising or marketing efforts specifically to Florida residents. Roy Collins states that he is the president of Roje, currently a dissolved New York corporation. According to the Florida Roy Collins Affidavit, Roje's only contact with Florida is that it

---

[4]This appears to directly contradict the Roy Collins Illinois Affidavit which states that thugzilla.com and chocolatedrop.com are "d/b/a"s of Roje. Thus, if Anthony Collins operates the chocolatedrop.com and thugzilla.com websites, he would appear to be employed by Roje.

"occasionally" films some of its content in Florida.[5] Finally, Roy Collins states that neither Anthony Collins nor Dodds have any ownership interest in Roje or are employed by Roje.[6]

## II. Standard for Personal Jurisdiction

When considering a motion to dismiss for lack of personal jurisdiction, a district court must first determine whether a plaintiff has established a prima facie case of personal jurisdiction. *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005). In making this determination, the district court must accept the plaintiff's allegations as true, unless contradicted by defendant's affidavits. *Id.* "After a plaintiff has established a prima facie case for jurisdiction and the defendant has filed affidavits contesting jurisdiction, the plaintiff bears the burden of proving sufficient jurisdiction *by affidavits or other sworn statements*." *Id.* at 276 (emphasis added). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

To determine whether it has personal jurisdiction, the Court must conduct a two-part inquiry. First, it must determine if jurisdiction exists under Florida's long arm statute, Fla. Stat.,

---

[5] This would appear to be an attempt to lessen the impact of his Illinois Affidavit in which he states that Roje's photography and video shoots "are conducted primarily in the States of Florida and New York."

[6] This statement creates some inconsistencies among his Illinois Affidavit, his Florida Affidavit and the Anthony Collins Affidavit because the Illinois Affidavit states that Roje does business as chocolatedrop.com and thugzilla.com, the Anthony Collins Affidavit states that Anthony Collins operates those websites but is not employed by Roje and the Roy Collins Florida Affidavit also asserts that Anthony Collins is not employed by Roje. Defendants make no attempts to explain these apparent inconsistencies among the affidavits. While these inconsistencies raise the issue of potential perjury by one or more of the Defendants, there is no clear evidence at this point to pursue a perjury claim and Plaintiff has not done a good job of marshaling the facts to support such a claim.

§ 48.193. Second, the Court must determine whether exercising jurisdiction over the defendants comports with the Due Process Clause. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). This is also a two-part determination. The Court must determine whether the defendants had sufficient minimum contacts with Florida and whether maintenance of the suit in Florida does not offend "traditional notions of fair play and substantial justice." *Id.* at 1284.

Under Florida's long-arm statute, a court may have general jurisdiction over a defendant or specific jurisdiction. A court has general jurisdiction over a defendant if the person is "engaged in substantial and not isolated activity within [Florida]." Fla. Stat. § 48.193(2). "Substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. *Woods v. Nova Companies Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999) (citation omitted). Specific jurisdiction arises when, inter alia, a person commits a tortious act within Florida. Fla. Stat. § 48.193(1)(b). Specific jurisdiction only exists if the cause of action arises from the tortious act or the injury. *Id.*

The Due Process Clause prohibits the exercise of personal jurisdiction over a nonresident defendant unless his contact with the state is such that he has "fair warning" that he may be subject to suit there. *Licciardello*, 544 F.3d at 1284. This requirement has been met if a defendant has "purposely directed" his activities at residents of the forum and the litigation arises out of those activities. *Id.* Even if this requirement is met, a court must then determine if maintenance of the suit in the forum comports with traditional notions of fair play and substantial justice. *Id.* In making this determination, a court may consider several factors, including "the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the

dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Id.*

### III. The Court Has Personal Jurisdiction Over Roje But Not the Individual Defendants

Plaintiff has the burden to establish that the Court has personal jurisdiction over all of the Defendants.[7] Even making all reasonable inferences in favor of Plaintiff, Plaintiff has not met its burden. Plaintiff lists seven pieces of information that it asserts establish general jurisdiction over Defendants:

> (1) Defendants produce materials for website distribution in the state of Florida;
> (2) Defendants are purposely directing recruiting of models to the state of Florida;
> (3) Defendants have sold products to residents of Florida;
> (4) One or more Defendants maintains a residence in Florida;
> (5) Defendants have tortiously interfered with a contract in Florida;
> (6) Defendant Roy Collins actively attempts to recruit models under contract in Florida to perform photo shoots in Florida; and
> (7) Defendants have stated under oath they primarily conduct their business in the state of Florida.

Plaintiff, however, lacks evidence to support most of these conclusions.

Plaintiff asserts that Defendants are directing their model recruitment efforts toward Florida. Plaintiff relies on the Order issued by the Illinois Judge to support this conclusion. However, the Illinois Judge did not conclude that Defendants directed their efforts toward Florida. Instead, he simply states that Plaintiff alleges that Roje did so. While Plaintiff cites to both affidavits of Roy Collins and the Anthony Collins Affidavit to support the statement that

---

[7]Plaintiff briefly argues that, based on the decision in the Illinois case, Defendants are collaterally estopped from challenging personal jurisdiction in Florida. However, a review of the Illinois court's order makes it clear that the Illinois court only determined that it did not have personal jurisdiction over Roje, the only defendant in the Illinois case. The Illinois court did not make a determination as to whether a Florida court would have personal jurisdiction over Roje, or any of the other Defendants. Thus, collateral estoppel does not apply.

7

Defendants have sold products to residents of Florida, those Affidavits do not say that any products were sold to residents of Florida. *See* DE-4-5, 44-3, and 44-1. Only Defendant Roy Collins owns a residential property in Florida. While Plaintiff states that Defendants have tortiously interfered with a contract in Florida, Plaintiff has not provided any facts establishing where the contract was signed, where the contract was to be performed, or where the alleged contacts occurred that led to the tortious interference. Plaintiff relies on the Affidavit of Cornell Davis to establish this fact. However, the Davis Affidavit simply states that Davis resides in Hialeah, Florida and that Anthony Collins contacted him on behalf of the website chocolatedrop.com. The Davis Affidavit does not state that Davis' contract with Plaintiff was executed in Florida, was to be performed in Florida, or that Anthony Collins contacted Davis in Florida. Thus, the Davis Affidavit does not establish that a tortious act occurred in Florida. Plaintiff offers no evidence to support the factual statement that Roy Collins actively recruits models under contract in Florida. The only evidence to support this statement is the Affidavit of Phillip Bleicher. However, the Bleicher Affidavit does not state that it is made with personal knowledge of any of the facts set out therein nor does it provide any facts from which the reader could infer how Bleicher acquired the knowledge. Thus, such a statement is hearsay. Lastly, Plaintiff misrepresents what Defendants have stated under oath. Defendant Roy Collins has stated that Roje's photography and video shoots "are conducted primarily in the States of Florida and New York." Defendants' business appears to be running websites. There is no evidence that the websites are run from Florida or targeted to Florida viewers. Furthermore, there is no evidence as to what percentage of the materials available on the websites are actually produced by Defendants. Thus, while Defendants admittedly produce materials available on the website, it

is not clear whether Defendants are the only producers of materials available on their websites. Consequently, it is not clear what portion of the business shooting the photographs and videos is.

Moreover, the facts Plaintiff has actually established are not sufficient to establish personal jurisdiction over any of the individual Defendants. The Court notes that Plaintiff indiscriminately lumps all of Defendants together in this list. It cannot do this; it must establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida. Thus, the Court will address each of the Defendants separately.

### A. The Court Has Personal Jurisdiction Over Roje

Plaintiff asserts that the Court has general jurisdiction over Roje. Plaintiff argues that general jurisdiction is established because: (1) Roje produces materials for website distribution in Florida; (2) Roje purposely directs its model recruiting to Florida; (3) Roje has sold products in Florida; (4) Roje has interfered with several contracts in Florida; (5) Roje's 18 U.S.C. § 2257 Records Custodian provides a Florida business address; and (6) the Roy Collins Illinois Affidavit states that Roje's photography and video shoots "are conducted primarily in the States of Florida and New York." As set out above, there is no factual support nor allegations in the Complaint to support several of these statements. The only facts actually pled or established that support general jurisdiction are that Roje produces some website content in Florida and that its 18 U.S.C. § 2257 Records Custodian has a Florida business address. Together these facts are sufficient to establish substantial and not isolated activity in Florida, particularly given that the § 2257 Records Custodian's job is an ongoing job that requires records to be kept for every piece of sexually explicit material produced by Roje. Therefore, the Court must determine if exercising personal jurisdiction over Roje comports with due process.

The fact that Roje has a Florida business address, as listed in its § 2257 Records Custodian disclosures, would meet the first part of the two pronged due process analysis – minimum contacts with the state. Maintaining a business office in a state would give a person fair warning that he may be subject to suit there. Thus, the Court must determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). This requires the Court to consider the "burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990). While the Roy Collins Florida Affidavit asserts that it would be a financial burden to defend Roje in Florida, such an assertion rings hollow, given that Roje's own websites list a Florida business address for the § 2257 Records Custodian. Further, the state has an interest in adjudicating matters brought against those that maintain offices in the state. Florida is a convenient forum for Plaintiff because it is a Florida corporation. Based on these considerations, exercising personal jurisdiction over Roje does not violate due process. Accordingly, the Court has personal jurisdiction over Roje.

B. *The Court Does Not Have Personal Jurisdiction Over Roy Collins*

Plaintiff argues that the Court has personal jurisdiction over Roy Collins based, primarily, on his Illinois Affidavit. Plaintiff, however, mischaracterizes the contents of the Affidavit by arguing that Roy Collins "primarily conducts *business* in Florida." (emphasis added). His Affidavit does not state that. Plaintiff also argues that Roy Collins' ownership of a condominium

in Florida along with his production of materials in Florida, his recruitment of models in Florida, his selling of products in Florida, his interference with contracts in Florida, and that Roje, of which Roy Collins is president, has listed a Florida address for its § 2257 Records Custodian give rise to general jurisdiction. However, as set out above, many of these facts are unsupported by the allegations in the Complaint or the affidavits and other evidence submitted to the Court.

The sole facts that have been pled and established are that Roy Collins owns a condominium in Florida, in which he does not reside, that he, on behalf of Roje, produces some materials for Roje's websites in Florida, and that Roje has listed a Florida address for its § 2257 Records Custodian. While Roy Collins may be the President of Roje, that does not make Roje's § 2257 business address, Roy Collins' address. Nor does it mean that Roy Collins regularly conducts business in Florida or from the Florida business address. Without more, the facts Plaintiff relies on are insufficient to establish that Roy Collins has engaged in substantial and not isolated activity in Florida.

Plaintiff also argues that Roy Collins is subject to specific jurisdiction because he tortiously interfered with contracts in Florida. However, as previously stated, there is no actual evidence, or even allegations in the Complaint, that the alleged tortious act, or acts, occurred in Florida. Thus, the Court does not have specific or general personal jurisdiction over Roy Collins.

*C. The Court Does Not Have Personal Jurisdiction Over Anthony Collins*

Plaintiff asserts that the Court has personal jurisdiction over Anthony Collins because he operates the websites chocolatedrop.com and thugzilla.com, which according to the Roy Collins Illinois Affidavit are names under which Roje does business. Thus, Plaintiff essentially argues

that the Court has personal jurisdiction over Anthony Collins for the same reasons it has personal jurisdiction over Roje. However, having personal jurisdiction over a corporation that has a business address in Florida is not the same as having personal jurisdiction over an individual who may have some relationship to the corporation.

Plaintiff also argues that Anthony Collins is subject to general personal jurisdiction based on: (1) the 18 U.S.C. § 2257 address listed for thugzilla.com is in Florida; (2) Anthony Collins purposely recruited models in Florida; (3) Anthony Collins sold his products to residents of Florida; (4) Anthony Collins tortiously interfered with several contracts in Florida; and (5) the Roy Collins Illinois Affidavit states that two of the primary locations for conducting business as it relates to choclatedrop.com and thugzilla.com are in Florida. This argument fails for the same reasons it fails as to Roy Collins. Many of these facts are not accurate or supported by the Complaint or other documents submitted in support of jurisdiction. The Roy Collins Illinois Affidavit states that Roje, doing business as chocolatedrop.com and thugzilla.com, does its video and photography shoots primarily in New York and Florida. Doing video and photography shoots are not the same thing as primarily conducting business, when your business is running websites. There is no evidence or allegations that Anthony Collins, chocolatedrop.com, or thugzilla.som have sold products in Florida. There are no allegations or evidence that Anthony Collins purposefully recruited models in Florida or tortiously interfered with contracts in Florida. Thus, the only fact supporting general jurisdiction is the listed 18 U.S.C. § 2257 address for thugzilla.com. This is not sufficient to establish that Anthony Collins is engaged in substantial and not isolated activity within Florida because Anthony Collins is not the same as

thugzilla.com. Consequently, the Court does not have general personal jurisdiction over Anthony Collins.

In the alternative, Plaintiff argues that the Court has specific jurisdiction based on Anthony Collins' tortious act within the state of Florida. However, as discussed above, the Complaint does not allege and the evidence does not support a claim that Anthony Collins performed a tortious act in Florida. Consequently, the Court does not have specific personal jurisdiction over Anthony Collins.

### D. The Court Does Not Have Personal Jurisdiction Over Ladon Dodds

Plaintiff asserts that the Court has general jurisdiction over Dodds because: (1) Dodds is the operator of thugzilla.com which lists its 18 U.S.C. § 2257 address in Florida; (2) Dodds produces materials for his website in Florida; (3) Dodds purposely recruits models in Florida; (4) Dodds sells products to residents of Florida; (5) Dodds has tortiously interfered with several contracts in Florida; and (6) the Roy Collins Illinois Affidavit states that thugzilla.com primarily conducts business in Florida. However, as discussed above, Plaintiff again lacks support for these allegations. The only two facts that Plaintiff can actually rely on are that some website materials are produced in Florida and thugzilla.com lists a Florida address as its 18 U.S.C. § 2257 address. These two facts are not sufficient to show that Dodds is engaged in substantial and not isolated activity within Florida. While the thugzilla.com § 2257 address lists its Records Custodian as D. Dodds, there is no evidence that D. Dodds is the same as Ladon Dodds. Thus, there is no evidence to establish that Ladon Dodds has substantial and not isolated activity within Florida. Consequently, the Court does not have general personal jurisdiction over Dodds. For the same reasons set out above, the Court also does not have specific personal jurisdiction over

Dodds because there are no allegations or evidence that Dodds committed a tortious act in Florida. Therefore, the Court lacks personal jurisdiction over Dodds.

Accordingly, it is hereby

ORDERED that

1. Defendants, Anthony Collins, Ladon Dodds, Jr., Roy Collins, and Roje on Holiday, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [DE-44] is GRANTED in part and DENIED in part.

    a. The Motion to Dismiss is GRANTED as to Defendants Anthony Collins, Ladon Dodds, Jr., and Roy Collins. Defendants Anthony Collins, Ladon Dodds, Jr., and Roy Collins are DISMISSED with prejudice for lack of personal jurisdiction.

    b. The Motion to Dismiss is DENIED as to Defendant Roje on Holiday, Inc.

2. Defendants' Motion to Strike Affidavit of Phillip Bleicher [DE-63] is DENIED.

DONE and ORDERED in Miami, Florida, this 1st day of May, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record