UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 1:10-cv-23834-SEITZ/SIMONTON

**FLAVA WORKS, INC.,**

Plaintiff,

v.

**ROJE ON HOLIDAY INC.,** *et al.,*

Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Defendants' Federal Rule of Civil Procedure 12(b)(6)

Motion to Dismiss for Failure to State Claims Upon Which Relief Can Be Granted [DE-45].

Defendants Anthony Collins, Ladon Dodds, Jr., Roy Collins, and Roje on Holiday, Inc (jointly,

Defendants)[1] move to dismiss Counts I and II of the Complaint as to the individual Defendants

and Counts III and IV as to all Defendants.  Plaintiff's four count Complaint alleges claims for:

(1) tortious interference with a contractual right; (2) false designation of origin; (3) violation of

the RICO statute; and (4) unfair competition.  By prior Order the Court has dismissed Defendants

Anthony Collins, Ladon Dodds, Jr., and Roy Collins for lack of personal jurisdiction.

Consequently, the Motion to Dismiss is moot as to these individual Defendants.  Because the

Complaint has failed to adequately plead claims for a RICO violation and unfair competition, the

Motion is granted as to Defendant Roje on Holiday, Inc. (Roje) with leave to replead.

_____

[1]The remaining Defendant M. Knight has not appeared in this action.  It is not clear from
the record if he has been served and, if he has, Plaintiff has not sought entry of a Clerk's Default
or entry of final default judgment.

## I.    Allegations in the Complaint as to Roje and Counts III and IV

Plaintiff alleges that Roje is a New York corporation which does business as Chocolate Drop Entertainment, chocolatedrop.com, dawgpoundusa.com, papithugz.com, and thugzilla.com. Roje markets, distributes, and sells non-obscene adult-themed erotic material.  Plaintiff had exclusive contracts with several models, including models known as Danger Zone, Tyson, Elmo Jackson, and Chance Jacobs.  Despite knowledge of these exclusive contracts between Plaintiff and Danger Zone, Tyson, Elmo Jackson, and Chance Jacobs, Roje extended offers of employment to the models without contacting Plaintiff and without regard to the exclusive nature of the models' contracts with Plaintiff.  As a result, each of these models appeared in materials for Roje, which were available on one or more of Roje's websites.  Roje, thus, profited from materials containing the names, images and likenesses of Plaintiff's exclusive models.

Count III of the Complaint alleges that Roje's alleged actions are a continuous pattern of criminal activity constituting wire fraud under the RICO statute.[2]  Plaintiff alleges that as a result, it has suffered damages.  Count IV alleges that Defendants violated Florida's common law of unfair competition by improperly utilizing Plaintiff's models in breach of their exclusivity provisions with Plaintiff and that such use is causing confusion, mistake and deception among members of the general consuming public.

_____

[2]The Court notes that each count of the Complaint incorporates "all preceding rhetorical paragraphs."  The Eleventh Circuit, addressing a complaint that incorporated all of the prior factual allegations into each new count, stated that such "shotgun" pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Thus, such pleadings require a more definite statement or an amended complaint. *Id.*

## II.      Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff.  *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true."  *Twombly*, 550 U.S. at 555.  However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556.

## III. Discussion

### A. Count III is Dismissed With Leave to Replead

Roje moves to dismiss Count III, for violation of RICO, because Plaintiff has failed to adequately plead a civil RICO violation. A civil RICO action requires a Plaintiff to plead: (1) that the defendant committed a violation of 18 U.S.C. § 1962 by engaging in a pattern of racketeering activity; (2) that the plaintiff suffered an injury to business or property; and (3) that the plaintiff's injury occurred by reason of the defendant's commission of a predicate act and a causal connection exists between the commission of the predicate act and the plaintiff's injury. *Ironworkers Local Union 68 v. AstrZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1358 n.14 (11th Cir. 2011). Further, in order to bring a RICO claim where mail or wire fraud serves as the predicate activity, a plaintiff must show that "(1) the defendant intentionally participated in a scheme to defraud another of money or property, (2) the defendant used the mails or wires in furtherance of that scheme, and (3) the plaintiff relied to his detriment on the defendant's misrepresentations." *Kemp v. American Telephone & Telegraph, Co.,* 393 F.3d 1354, 1359 (11th Cir. 2004).

Plaintiff asserts that it has adequately pled a RICO claim because it has pled that Roje knowingly procures models with existing contracts with the intent to benefit from using the models' names, images, and likenesses. However, the Complaint does not allege, as Plaintiff appears to assert, that Roje seeks out Plaintiff's exclusive models. Thus, the Complaint does not allege a scheme. Nor does the Complaint allege the use of the mails or wires in furtherance of the scheme, other than a conclusory statement that Roje's activities constitute wire fraud. The Complaint also does not allege facts specifying the alleged misrepresentations, much less facts

4

that Plaintiff relied to its detriment on Roje's misrepresentations.  Consequently, Plaintiff has

failed to state a cause of action for a civil RICO violation.  Furthermore, if Plaintiff intends to

replead a RICO claim, it must file a RICO statement simultaneously with the Amended

Complaint.[3]

### B. Count IV is Dismissed With Leave to Replead

Roje also moves to dismiss Count IV for unfair competition.  A claim under Florida

common law for unfair competition requires a plaintiff to establish deceptive or fraudulent

conduct of a competitor and likelihood of consumer confusion. *M.G.B. Homes, Inc. v. Ameron*

*Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990).  While Plaintiff argues that it has pled that it

and Roje are competitors, nothing in the Complaint clearly alleges that.  In fact, nothing

in the Complaint describes Plaintiff's business.  Additionally, while Plaintiff has pled likelihood

of consumer confusion, it has done so in a conclusory manner without any supporting facts.

Further, it is not clear what acts of Roje constitute deceptive or fraudulent acts.  Consequently,

Plaintiff has failed to state a cause of action for unfair competition and Roje's Motion to Dismiss

is granted.

Accordingly, it is hereby

ORDERED that Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss

for Failure to State Claims Upon Which Relief Can Be Granted [DE-45] is GRANTED in part

and DENIED in part:

---

[3]The Court will issue a separate Order setting out the requirements of the RICO
statement.

      a.  The Motion to Dismiss is DENIED as moot as to Defendants Anthony Collins,

Ladon Dodds, Jr., and Roy Collins.

      b.  The Motion to Dismiss is GRANTED as to Defendant Roje on Holiday, Inc.

Plaintiff may file an Amended Complaint, in accordance with this Order, by **May 18, 2012.**

Plaintiff shall be guided by this Order and the dictates of Federal Rule of Civil Procedure 11 in

drafting its Amended Complaint.

      DONE and ORDERED in Miami, Florida, this _1st_ day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record