UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23834-CIV-SEITZ/SIMONTON

FLAVA WORKS, INC.,

        Plaintiff,

vs.

ROJE ON HOLIDAY, INC., et al.,

        Defendants.
_____/

## ORDER REQUIRING RICO CASE STATEMENT

This matter is before the Court upon the filing of the Complaint. The Court has reviewed the Complaint, which contains a cause of action pursuant to 18 U.S.C. §§ 1961-1968 and/or Florida Statutes §§ 772.101-772.104. Accordingly, it is

ORDERED that if Plaintiff's Amended Complaint contains a cause of action based on 18 U.S.C. §§ 1961-1968 and/or Florida Statutes §§ 772.101-772.104, at the same time that Plaintiff files the Amended Complaint it shall file a RICO Case Statement. Consistent with counsel's obligations under Federal Rule of Civil Procedure 11 to make a reasonable inquiry prior to filing a pleading, the RICO Case Statement shall include the facts relied upon to initiate the RICO claim. In particular, the statement shall be in a form which uses the numbers and letters set forth below, unless filed as part of an amended pleading (in which case the allegations of the amended pleading shall reasonably follow the organization set out below), and shall provide in detail and with specificity the following information:

    (a)    State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d) or Florida Statutes §§ 772.101(1), (2), (3) and/or (4). If you allege violations of

more than one (1) subsection of 18 U.S.C. § 1962 or Florida Statutes § 772.103, each must be treated or should be pled as a separate RICO claim.

(b) List each defendant, and separately state the misconduct and basis of liability of each defendant.

(c) List the wrongdoers, other than the defendants listed above, and separately state the misconduct of each wrongdoer.

(d) List the victims, and separately state when and how each victim was injured.

(e) Describe in detail the pattern of racketeering/criminal activity or collection of an unlawful debt for each RICO claim. A description of the pattern of racketeering/criminal activity shall:

(1) separately list the predicate acts/incidents of criminal activity and the specific statutes violated by each predicate act/incident of criminal activity;

(2) separately state the dates of the predicate acts/incidents of criminal activity, the participants and a description of the facts surrounding each predicate act/incident of criminal activity;

(3) if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in connection with a case under Title 11, United States Code, or fraud as defined under Florida Statutes Chapter 817, the "circumstances constituting fraud or mistake shall be stated with particularity." Federal Rule of Civil Procedure 9(b) (identify the time, place, and contents of the misrepresentation or omissions, and the identity of persons to whom and by whom the misrepresentations or omissions were made);

(4) state whether there has been a criminal conviction for any of the predicate

acts/incidents of criminal activity;

  (5) describe in detail the perceived relationship that the predicate acts/incidents of criminal activity bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

  (6) explain how the predicate acts/incidents of criminal activity amount to or pose a threat of continued criminal activity.

(f) Describe in detail the enterprise for each RICO claim. A description of the enterprise shall:

  (1) state the names of the individuals, partnerships, corporations, associations, or other entities constituting the enterprise;

  (2) describe the structure, purpose, roles, function, and course of conduct of the enterprise;

  (3) state whether any defendants are employees, officers, or directors of the enterprise;

  (4) state whether any defendants are associated with the enterprise, and if so, how;

  (5) explain how each separate defendant participated in the direction or conduct of the affairs of the enterprise;

  (6) state whether you allege (A) that the defendants are individuals or entities separate from the enterprise, or (B) that the defendants are the enterprise itself, or (C) that the defendants are members of the enterprise; and

  (7) if you allege any defendants to be the enterprise itself, or members of the

enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the racketeering activity.

(g)    State whether you allege, and describe in detail, how the pattern of racketeering/criminal activity and the enterprise are separate or have merged into one (1) entity.

(h)    Describe the relationship between the activities and the pattern of racketeering/criminal activity. Discuss how the racketeering/criminal activity differs from the usual and daily activities of the enterprise, if at all.

(i)    Describe what benefits, if any, the enterprise and each defendant received from the pattern of racketeering/criminal activity.

(j)    Describe the effect of the enterprise's activities on interstate or foreign commerce.

(k)    If the complaint alleges a violation of 18 U.S.C. § 1962(a) or Florida Statutes § 772.103(1), provide the following information:

   (1)    describe the amount of income/proceeds derived, directly or indirectly, from a pattern of racketeering/criminal activity, or through the collection of an unlawful debt;

   (2)    state who received the income/proceeds derived from the pattern of racketeering/criminal activity or through the collection of an unlawful debt and the date of that receipt;

   (3)    describe how and when such income/proceeds were invested or used in the acquisition of the establishment or operation of the enterprise;

   (4)    describe how you were directly injured by the investment or use; and

   (5)    state whether the same entity is both the liable "person" and the "enterprise" under the 18 U.S.C. § 1962(a) or Florida Statutes § 772.103(1) claim.

(l) If the complaint alleges a violation of 18 U.S.C. § 1962(b) or Florida Statutes § 772.103(2) provide the following information:

    (1) describe in detail the acquisition or maintenance of any interest in or control of the enterprise;

    (2) describe when the acquisition or maintenance of an interest in or control of the enterprise occurred;

    (3) describe how you were directly injured by this acquisition or maintenance of an interest in or control of the enterprise; and

    (4) state whether the same entity is both the liable "person" and the "enterprise" under the 18 U.S.C. § 1962(b) or Florida Statutes § 772.103(2) claim.

(m) If the complaint alleges a violation of 18 U.S.C. § 1962(c) or Florida Statutes § 772.103(3), provide the following information:

    (1) state who is employed by or associated with the enterprise;

    (2) describe what each such person did to conduct or participate in the enterprise's affairs;

    (3) describe how you were directly injured by such person's conducting or participating in the enterprise's affairs; and

    (4) state whether the same entity is both the liable "person" and the "enterprise" under the 18 U.S.C. § 1962(c) or Florida Statutes § 772.103(3) claim.

(n) If the complaint alleges a violation of 18 U.S.C. § 1962(d) or Florida Statutes § 772.103(4), describe in detail the conspiracy, including the identity of the co-conspirators, the object of the conspiracy, and the date and substance of the conspiratorial agreement.

(o)   Describe the injury to business or property.

(p)   Describe the nature and extent of the relationship between the injury and each separate RICO violation.

(q)   For each claim under a subsection of 18 U.S.C. § 1962 or Florida Statutes § 772.103, list the damages sustained by reason of each violation, indicating the amount for which each defendants is liable.

(r)   Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

DONE AND ORDERED in Miami, Florida, this 3rd day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record